CtReen, J.
delivered the opinion of the court.
The subject matter of this cause has undergone a full *106 and fair trial at law, where a judgment was rendered against the complainant. The matter in dispute consti-foted a purely legal defence to the action, and there is no reason alleged why the defence, if meritorious, was not successfully made. This court has decided at the present term, in the case of Kearney and Moore vs. Smith and Jackson, (a) that it will not entertain jurisdiction of a cause which has undergone a Ml and fair investigation at law. If a defendant has not been prevented from defending himself hy fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part, it would be an encouragement to negligence, and drawing within the cognizance of this court a general review of trials at law, were the rule relaxed. The interest of the country requires that there should be an end of litigation.
This hill does not seek a discovery from the defendant, hut on the contrary the complainant alleges that he can prove the facts charged as the grounds of his equity.— But if this were a hill for a discovery, it comes too late. It should have been filed pending the suit at law, that the facts disclosed in the answer might have been used as evidence before the jury. 6 John. Ch. Cases, 87. 3 John. Ch. Cases, 251, 385.
Decree affirmed.

 Postea, page 127.